UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHRISTOPHER SCOTT GAMBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-368 |
| ) | |
| COMMISSIONER OF ) | Honorable Robert J. Jonker |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On September 28, 2014, plaintiff filed his application for DIB benefits, and on September 30, 2014, he filed his application for SSI benefits. He alleged a June 14, 2014, onset of disability. (ECF No. 8-5, PageID.223, 227). Plaintiff's claims were denied on initial review. (ECF No. 8-4, PageID.133-48). On April 4, 2017, plaintiff received a hearing before the ALJ. (ECF No. 15-3, PageID.525-62). The ALJ issued his decision on May 24, 2017, finding that plaintiff was not disabled. (Op., ECF No. 8-2, PageID.38-49). On February 9, 2018, the Appeals Council denied review (ECF No. 8-2, PageID.28-30), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

1. The ALJ committed reversible error when he failed to find that plaintiff's impairments met or equaled the requirements of Listing 1.04.

2. The ALJ failed to comply with SSR 96-8p in the weight that he gave to the opinion of Tim Spencer, D.O., a treating neurosurgeon, and in the weight that he gave to the opinion of a non-examining consulting physician.

3. The ALJ's finding that plaintiff could perform a full range of sedentary work is not supported by substantial evidence because plaintiff uses a cane and because the ALJ failed to consider all the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) when he evaluated plaintiff's subjective complaints.

(Plf. Brief, 1-2, ECF No. 19, PageID.569-70).

For the reasons set forth herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve

conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through December 31, 2018. (Op., 3, ECF No. 8-2, PageID.40). Plaintiff had not engaged in substantial gainful activity on or after June 14, 2014, the alleged onset date. (*Id.* at 4, PageID.41). Plaintiff had the following severe impairments: "obesity, prior cerebrovascular accident (CVA) with residuals, obstructive sleep apnea, non-obstructive coronary disease, chronic obstructive pulmonary disease (COPD), [and] arthritis." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled a listing impairment. (*Id.*). The ALJ found that plaintiff retained the residual functional capacity (RFC)

for a range of sedentary work with the following exceptions:

> he requires an option to sit/stand at will; cannot climb ladders, ropes, or scaffolds; but can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, or crawl; with occasional exposure to fumes; and frequent exposure to hazards, humidity, and non-weather-related extremes of cold.

(*Id.* at 6, PageID.43).

The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence of record. (*Id.* at 8, PageID.45). Plaintiff could not perform any past relevant work. (*Id.* at 9, PageID.46).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the vocational expert (VE) testified that there were approximately 48,000 jobs that exist in the national economy that he would be capable of performing.[1] (ECF No. 15-3, PageID.556-57). The ALJ found that this constituted a significant number of jobs, and that plaintiff was not disabled. (Op., 9-12, PageID.46-49).

---

[1] The VE actually identified a total of 138,000 jobs, 100,000 of which were general office clerk – document preparer positions. (ECF No. 15-3, PageID.556-57). The ALJ's opinion cited only 10,000 general office clerk – document preparer jobs. (Op., 10, PageID.47). The lower total job figure of 48,000 gives plaintiff the benefit of the discrepancy.

## **Discussion**

### 1.

Plaintiff argues that the ALJ committed reversible error in failing to find that his impairments met or equaled the requirements of Listing 1.04. (Plf. Brief, 11-15, ECF No. 19, PageID.579-83; Reply Brief, 1-3, ECF No. 22, PageID.608-10).

The Listing of Impairments "describes impairments the SSA considers to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Rabbers v. Commissioner*, 582 F.3d 647, 653 (6th Cir. 2009) (internal quotations omitted). "Because satisfying the listings yields an automatic determination of disability . . . the evidentiary standards [at step three] . . . are more strenuous than for claims that proceed through the entire five-step evaluation." *Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014). A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Elam*, 348 F.3d at 125. An impairment that only meets some of the criteria does not satisfy plaintiff's burden. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

It is possible for a claimant to provide evidence of a medical equivalent to a listing. *See Bolton v. Commissioner*, 730 F. App'x 334, 336 (6th Cir. 2018). To demonstrate such a medical equivalent, the claimant must present "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. at 531; *Thacker v. Social Security Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004) ("When a claimant alleges that he meets or equals a listed

impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency.") (citing *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987)).

Plaintiff states that Tim Spencer, D.O., "found many signs consistent with Listing 1.04," and that a "basis for a finding of the plaintiff's equaling Listing 1.04 was firmly laid by a specialist and it was not considered by the ALJ who was obligated to consult with a ME [medical expert] in these circumstances." (Plf. Brief, 12-13, PageID.580-81) (citing HALLEX I-2-6-70A(Note2) and SSR 96-6p). I find that this argument is waived, and even if it had not been waived, it lacks merit.

Plaintiff did not present any developed argument as to how he met or equaled every requirement of Listing 1.04. His perfunctory claim that a doctor "found many signs" consistent with a listing impairment does not suffice. Plaintiff waived the issue because his contention is undeveloped and unaccompanied by any meaningful argument. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

"HALLEX is an internal guidance tool. It does not have the force of law." *Keehl v. Commissioner*, No. 1:18-cv-281, 2018 WL 4352155, at *3 (W.D. Mich. Sept. 12, 2018) (collecting cases). "HALLEX does not impose judicially enforceable duties on either the ALJ or this [C]ourt." *Morris v. Commissioner*, No. 1:11-cv-154, 2012 WL 4953118, at *12 (quoting *Lockwood v. Commissioner*, 616 F.3d 1068, 1072 (9th Cir. 2010)).

SSR 96-6p did not apply to plaintiff's claims for DIB and SSI benefits because, effective March 27, 2017, it was rescinded and replaced by SSR 17-2p. *See Social Security Ruling (SSR 17-2p): Titles II and XVI: Evidence Needed by Adjudicators at the Hearings and Appeals Council Levels of the Administrative Review Process to Make Findings about Medical Equivalence* (reprinted at 2017 WL 3928306, at *1 (SSA Mar. 27, 2017)). In SSR 17-2p, the Social Security Administration clarified that an ALJ is *not* required to obtain a medical expert's opinion before making a finding that an individual's impairments do not meet or equal a listing impairment:

> At the hearings level of the administrative review process, administrative law judges (ALJ[s]) . . . determine whether an individual's impairment(s) meets or medically equals a listing at step 3 of the sequential evaluation process.
> \* \* \*
> If an adjudicator at the hearings . . . level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain [Medical Expert] ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.

*Id.* at *3-4; *see also Engelman v. Commissioner*, No. 1:18-cv-760, 2019 WL 2125536, at *3 (W.D. Mich. Apr. 19, 2019) ("This Court has consistently rejected the argument

that an ALJ is required to obtain an expert medical opinion on the question of equivalence.") (citation and quotation omitted); *Jammer v. Commissioner*, No. 18-10445, 2019 WL 1372171, at *7 (E.D. Mich. Feb. 22, 2019) ("Defendant is correct that under SSR 17-2p, an ALJ may find that a claimant does not medically equal a listed impairment without the support of a medical opinion[.]").

Plaintiff waited until his reply brief to argue that Listing 1.04(A) is the listing impairment that he believes his impairments met or equaled. (Reply Brief, 2, PageID.609). It is well established that a reply brief is not the proper place to raise and develop new arguments that should have appeared in an initial brief. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

It is appropriate to note that plaintiff made no attempt during the administrative process to satisfy his burden of establishing that he met or equaled all the requirements of Listing 1.04(A). Prehearing correspondence from the Social Security Administration emphasized that the administrative hearing was plaintiff's "time to explain why [he] believe[d] the ALJ should decide the issues in [his] favor." (ECF No. 8-4, PageID.153, 156). Plaintiff offered no argument in a prehearing brief at the hearing that he met or equaled the requirements of any listed impairment. It is against this backdrop that the Court considers plaintiff's argument that the ALJ committed reversible error in failing to find that his impairments met or equaled the requirements of Listing 1.04(A).

The ALJ found that plaintiff did not meet or equal the requirements of any listing impairment. (Op., 4-5, ECF No. 8-2, PageID.41-42). Listing 1.04(A) requires as follows:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root . . . or the spinal cord. With:
>
> A.    Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, App. 1 § 1.04(A). Plaintiff concedes that he did not meet all the requirements of Listing 1.04(A) because he is "missing requirement [of] a positive straight leg raising test." (Reply Brief, 3, PageID.610).

The ALJ's finding that plaintiff did not equal the requirements of Listing 1.04(A) is supported by substantial evidence. He noted that, in June 2014, plaintiff's muscle tone in his upper and lower extremities "was normal and his strength was 5/5." (Op., 6, PageID.43). In February 2017, plaintiff's "straight leg raise, myelopathy, and Babinski response testing were negative. Further, hip testing, FABERE testing, SI joint testing, and lower extremity Tinel's testing were also negative." (*Id.* at 7, PageID.44). In addition, Larry Jackson, M.D., a state agency medical consultant, opined that plaintiff did not meet or equal the requirements of any listing impairment, including listing 1.04, and the ALJ gave great weight to his opinion. (*Id.* at 9, PageID.46; *see* ECF No. 8-3, PageID.95-98, 108-11).

Section one of plaintiff's brief also includes an argument that the ALJ failed to adequately consider his obesity under SSR 02-1p. (Plf. Brief, 13-15, PageID.581-83). Plaintiff waived this argument by not including it in his statement of errors. *See Toll v. Commissioner*, No. 1:16-cv-705, 2017 WL 1017821, at *3 (W.D. Mich. Mar. 16, 2017) (The Notice that this Court issues in social security cases "caution[s] that failure to include an issue in the Statement of Errors constitutes a waiver of that issue.").

Even assuming that this argument had not been waived, it is meritless. The Sixth Circuit has repeatedly held that SSR 02-1p does not establish any particular procedural mode of analysis for addressing the claims of obese disability claimants. *See Coldiron v. Commissioner*, 391 F. App'x 435, 442-43 (6th Cir. 2010) (It is " 'a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular mode of analysis for obese disability claimants.' ") (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006)); *see also Austin v. Commissioner*, 714 F. App'x 569, 573-74 (6th Cir. 2018) (SSR 02-1p "provides guidance for evaluating a claimant's obesity, but does not create a separate procedure requiring the Commissioner to consider obesity in every case."); *Titles II & XVI: Evaluation of Obesity*, SSR 02-1p (reprinted at 2002 WL 34686281) (SSA Sept. 12, 2002).

The ALJ considered plaintiff's obesity. He discussed plaintiff's body mass index (BMI) and applied SSR 02-1p. (Op., 8, PageID.45). A diagnosis of obesity "does nothing to demonstrate that [plaintiff's] obesity imposed any additional work-related limitations[.]" *Leppien v. Commissioner*, No. 1:15-cv-722, 2016 WL 3661851, at *6 (W.D. Mich. July 11, 2016). The ALJ found that there was "no evidence of any specific

or quantifiable impact on pulmonary, musculoskeletal, endocrine, or cardiac functioning. At the hearing, [plaintiff] admitted that his doctors recommended weight loss" and he stated that he "gained weight after he quit smoking about nine months prior to the hearing." (Op., 8, PageID.45). The ALJ's finding that plaintiff's obesity did not have any quantifiable impact on his functioning is supported by substantial evidence. I find no basis for disturbing the Commissioner's decision.

### 2.

Plaintiff argues that the ALJ failed to comply with SSR 96-8p in the weight he gave to the opinion of Tim Spencer, D.O., a treating neurosurgeon, and in the weight that he gave to the opinion of Larry Jackson, M.D., a non-examining consulting physician. (Plf. Brief, 15-17, PageID.583-85; Reply Brief, 3-5, PageID.610-12).

Dr. Spencer was not a treating physician. He saw plaintiff on one occasion: February 27, 2017. (ECF No. 8-8, PageID.458-62). A single visit does not suffice to establish a treating physician relationship. *See Kornecky v. Commissioner*, 167 F. App'x 496, 506 (6th Cir. 2006). Accordingly, the ALJ was not "under any special obligation to defer to his opinion[s] or to explain why he elected not to defer to [them]." *Karger v. Commissioner*, 414 F. App'x 739, 744 (6th Cir. 2011); *see Peterson v. Commissioner*, 552 F. App'x 533, 539 (6th Cir. 2014).

Plaintiff's argument that the ALJ "ignore[ed]" Dr. Spencer's opinion (Plf. Brief, 15, PageID.583) cannot withstand scrutiny. The ALJ considered the results of Dr. Spencer's consultative examination. (Op., 7, PageID.44). Dr. Spencer offered a diagnosis of lumbar region intervertebral disc degeneration and displacement,

lumbar stenosis without claudication, osteoarthritis of the spine, low back pain and lumbar region radiculopathy. (ECF No. 8-8, PageID.461). A mere diagnosis "says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). Dr. Spencer did not provide any opinion regarding plaintiff's functional limitations. He recommended "only conservative treatment, including back brace for support and comfort, physical therapy and weight loss." (Op., 7, PageID.44). I find no error.

Further, I find no error in the ALJ's consideration of Dr. Jackson's opinions. "State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence." *Downs v. Commissioner*, 634 F. App'x. 551, 554 (6th Cir. 2016) (citation and quotation omitted); *see Brooks v. Commissioner*, 531 F. App'x 636, 642 (6th Cir. 2013) ("[I]n appropriate circumstances, opinions from State agency medical and psychological consultants... may be entitled to greater weight than the opinions of treating or examining sources.") (citation and quotation omitted). The ALJ found that Dr. Jackson's opinion that plaintiff could perform sedentary work with additional restrictions was entitled to great weight because it was generally consistent with the record. (Op., 9, PageID.46). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing the evidence. *See Ulman v. Commissioner*, 693 F.3d at 713.

**3.**

Plaintiff argues that the ALJs RFC finding that he could perform a range of sedentary work is not supported by substantial evidence because he uses a cane, and because the ALJ failed to consider all the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) when he evaluated plaintiff's subjective complaints. (Plf. Brief, 17-18, PageID.585-86; Reply Brief, 5, PageID.612).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 401-02 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

An ALJ's factual findings concerning a claimant's subjective symptoms are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's findings are reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d at 714. Claimants challenging the ALJ's findings "face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). The Court must accord the ALJ's findings "great weight and deference particularly since

the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones v. Commissioner*, 336 F.3d 469, 476 (6th Cir. 2003); *see Buxton v. Halter*, 246 F.3d at 773.

I find no error in the ALJ's consideration of plaintiff's cane use. No physician prescribed cane use. (*see* ECF No. 8-6, PageID.298). The ALJ noted the instances in plaintiff's medical records documenting cane use. (Op., 6-8, PageID.43-45). Further, plaintiff has not shown that the RFC restricting him to a limited range of sedentary work with a sit/stand option would not adequately account for cane use. *See Hall v. Commissioner*, No. 15-cv-11899, 2016 WL 3869936, at *10 (E.D. Mich. June 3, 2016).

Plaintiff's reliance on *Love v. Commissioner*, 605 F. Supp. 2d 893 (W.D. Mich. 2009) is misplaced. In *Love*, the Court "found an RFC which limited a plaintiff to light work and further required a 'hand-held assistive device' for the plaintiff to ambulate was not supported by substantial evidence."[2] *Cotton v. Commissioner*, No. 1:14-cv-900, 2016 WL 80667, at *4 (W.D. Mich. Jan. 7, 2016) (citing *Love*, 605 F. Supp. 2d at 907). The ALJ "did not explain how the plaintiff in that case would be able to both use the required hand-held device and also carry weights corresponding with an RFC for light work."[3] *Id.* "*Love* says nothing about the logic of the limitation of the use of a cane to ambulate and a limitation of carrying up to 10 pounds." *Latham*

---

[2] "[T]he Court in *Love* did not conclude that the performance of light work was categorically incompatible with the use of a hand-held assistive device." *Steig v. Commissioner*, No. 1:18-cv-511, 2019 WL 2118794, at *7 (W.D. Mich. May 15, 2019).
[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

*v. Commissioner*, No. 16-cv-10690, 2017 WL 1173773, at *2 (E.D. Mich. Mar. 30, 2017); *see Bates v. Commissioner*, No. 1:15-cv-739, 2016 WL 4607566, at *3 (W.D. Mich. Sept. 6, 2016) ("[T]he Court discerns no reason why [p]laintiff cannot use a cane with one hand while carrying objects with the other."). I find no basis for disturbing the Commissioner's decision.

There is no developed argument corresponding to the alleged error that the ALJ "failed to consider all the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) for evaluating [plaintiff's] subjective complaints. (Plf. Brief, 17, PageID.585). The argument should be deemed waived. *See Clemente v. Vaslo*, 679 F.3d at 497; *McPherson v. Kelsey*, 125 F.3d at 995-96.

Even assuming the argument is not waived, it does not provide a basis for disturbing the Commissioner's decision. "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases). The ALJ considered the relevant factors (*see* Op., 6-9, PageID.43-46), and his findings regarding plaintiff's subjective complaints are supported by substantial evidence.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated: August 16, 2019              /s/  Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).